UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN GONZALEZ,<br><br>                    Petitioner,<br><br>             v.<br><br>R. MADDEN,<br><br>                    Respondent. | Case No. CV 20-1803-DSF (KK)<br><br>MEMORANDUM AND ORDER SUMMARILY DISMISSING ACTION WITHOUT PREJUDICE |

**I.**

**INTRODUCTION**

Martin Gonzalez ("Gonzalez"), a state prisoner proceeding pro se, has initiated the instant action by filing a "Motion for Extension of Time." ECF Docket No. ("Dkt.") 1. Gonzalez requests an extension to "March 27, 2020 in which to file a writ of habeas corpus," id. at 3; however, there is no pending habeas petition. The Court, therefore, cannot grant Gonzalez's request.

**II.**

**DISCUSSION**

Under Article III of the Constitution, federal courts may only adjudicate cases or controversies, and may not issue advisory opinions. U.S. Nat'l Bank v. Indep. Ins. Agents of Am., Inc., 508 U.S. 439, 446, 113 S. Ct. 2173, 124 L. Ed. 2d 402 (1993). In

the context of a habeas action, "a habeas suit begins with the filing of an application for habeas corpus relief – the equivalent of a complaint in an ordinary civil case." Woodford v. Garceau, 538 U.S. 202, 208, 123 S. Ct. 1398, 155 L. Ed. 2d 363 (2003); see also Calderon v. Ashmus, 523 U.S. 740, 746-49, 118 S. Ct. 1694, 140 L. Ed. 2d 970 (1998) (no "case or controversy" where prisoners sought declaratory relief to determine time limits that would govern future habeas actions).

Here, Gonzalez seeks an extension of time to file a petition for writ of habeas corpus. Dkt. 1. Gonzalez argues he has limited law library access because he is currently housed in administrative segregation without access to the clerk available at the general law library. Id. Gonzalez, however, has not filed a federal habeas petition challenging his conviction or sentence. There is, therefore, no case or controversy properly before the Court. See Woodford, 538 U.S. at 208; Calderon, 523 U.S. at 746-49.

Accordingly, the Court lacks jurisdiction to consider Gonzalez's Motion for Extension of Time and this action must be dismissed.[1] See United States v. Leon, 203 F.3d 162, 164 (2d Cir. 2000) (per curiam) ("[A] federal court lacks jurisdiction to consider the timeliness of a § 2255 petition until a petition is actually filed."); Grissom v. Barnes, No. CV 13-03593 SJO (SS), 2013 WL 3053059, at *1 (C.D. Cal. June 14, 2013) (denying a "Motion For Permission To Stay Proceedings Until State Issues Are Settled" due to lack of jurisdiction before a petition is filed "at some unspecified future date"); McDade v. Warden, No. CV 10-08507 JVS (SS), 2010 WL 4795377, at *1 (C.D. Cal. Nov. 16, 2010) (no jurisdiction to decide timeliness or entitlement to equitable tolling in advance of filing of Section 2254 petition).

///

---

[1] If and when Gonzalez files a habeas petition in this Court, this Court can consider whether Gonzalez is entitled to a stay pursuant to Rhines v. Weber, 544 U.S. 269, 125 S. Ct. 1528, 161 L. Ed. 2d 440 (2005) ("Rhines Stay") or Kelly v. Small, 315 F.3d 1063, 1070-71 (9th Cir. 2003) ("Kelly Stay") and whether statutory tolling under 28 U.S.C. § 2244(d)(2) or equitable tolling is warranted. However, those matters cannot be decided at this juncture.

## III.
## **CONCLUSION**

It is, therefore, ORDERED that Gonzalez's Motion for Extension of Time is DENIED and Judgment be entered summarily dismissing this action without prejudice.

DATED: March 4, 2020

Honorable Dale S. Fischer
UNITED STATES DISTRICT JUDGE

Presented by:

KENLY KIYA KATO
United States Magistrate Judge